KM

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | No. CV 12-1784-PHX-DGC (BSB) |
|---|---|---|
| Plaintiff, | ) | No. CR 12-066-PHX-DGC |
| v. | ) | **ORDER** |
| Antonio Flores-Vasquez, | ) | |
| Defendant/Movant. | ) | |

Movant Antonio Flores-Vasquez, who is confined in the Central Arizona Detention Center in Florence, Arizona, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The Court will summarily dismiss the motion.

**I.      Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Re-entry of Removed Alien in violation of 8 U.S.C. § 1326(a) with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(1). On August 2, 2012, the Court sentenced Movant to a 30-month term of imprisonment followed by 3 years of supervised release. Movant seeks a reduction of his sentence because he has two children, was the sole provider for his family, and only entered this country because conditions in Mexico are very difficult.

**II.      Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving

1    party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the

2    United States District Courts.  When this standard is satisfied, neither a hearing nor a

3    response from the government is required.  See Marrow v. United States, 772 F.2d 525, 526

4    (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).  In this case,

5    the record shows that summary dismissal under Rule 4(b) is warranted because Movant has

6    waived the right to bring a § 2255 motion.

7    **III.    Waiver**

8         The Ninth Circuit Court of Appeals has found that there are "strict standards for

9    waiver of constitutional rights."  United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th

10   Cir. 2005).  It is impermissible to presume waiver from a silent record, and the Court must

11   indulge every reasonable presumption against waiver of fundamental constitutional rights.

12   United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004).  In this action, Movant's

13   waiver was clear, express, and unequivocal.

14        Plea agreements are contractual in nature, and their plain language will generally be

15   enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo,

16   398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a

17   § 2255 action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431,

18   433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only

19   claims that cannot be waived are claims that the waiver itself was involuntary or that

20   ineffective assistance of counsel rendered the waiver involuntary.  See Washington v.

21   Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the

22   right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an

23   ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt,

24   32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel

25   erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca,

26   985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective

27   assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4

28

1  (declining to decide whether waiver of all statutory rights included claims implicating the

2  voluntariness of the waiver).

3          "Collateral attacks based on ineffective assistance of counsel claims that are

4  characterized as falling outside [the category of ineffective assistance of counsel claims

5  challenging the validity of the plea or the waiver] are waivable."  <u>United States v.</u>

6  <u>Cockerham</u>, 237 F.3d 1179, 1187 (10th Cir. 2001).  <u>See also</u> <u>Williams v. United States</u>, 396

7  F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth

8  Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and

9  knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack,

10  in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel

11  during sentencing.").

12          As part of his plea agreement, Movant made the following waiver:

13              Providing the defendant's sentence and disposition are
                consistent with this agreement, the defendant waives: (1) any
14              and all motions, defenses, probable cause determinations, and
                objections which the defendant could assert to the information
15              or indictment, or to the petition to revoke;  and (2) any right to
                file an appeal, any collateral attack, and any other writ or motion
16              that challenges the conviction, an order of restitution or
                forfeiture, the Court's entry of judgment against defendant, or
17              any aspect of the defendant's sentence or disposition, including
                the manner in which the sentence or disposition is determined,
18              including but not limited to any appeals under 18 U.S.C. § 3742
                and motions under 28 U.S.C. §§ 2241 and 2255.  **The
19              defendant acknowledges that if the court has sentenced the
                defendant and imposed disposition according to the terms of
20              the agreement, this waiver shall result in the dismissal of any
                appeal, collateral attack or other motion the defendant
21              might file challenging the conviction, order of restitution of
                forfeiture, or sentence or disposition in this case.**

22

23  (Doc. 29) (emphasis added).  Movant indicated in his plea agreement that he had discussed

24  the terms with his attorney, agreed to the terms and conditions, and entered into the plea

    voluntarily.  (Doc. 29).
25

26          Movant's assertions in his § 2255 motion all pertain to sentencing and do not pertain

27  to the voluntariness of the waiver.  Movant expressly waived issues regarding the imposition

28  of sentence and expressly waived the right to bring a § 2255 motion.  The Court accepted his

    plea as voluntarily made.  Consequently, the Court finds that Movant waived the sentencing

issues raised in his § 2255 motion.  Thus, the Court will summarily dismiss the motion.  Accordingly,

**IT IS ORDERED:**

(1)     The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 31 in CR 12-066-PHX-DGC) is **denied** and the civil action opened in connection with this Motion (CV 12-1784-PHX-DGC (BSB)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(2)     Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 16th day of October, 2012.

David G. Campbell
United States District Judge